**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1394
_____

UNITED STATES OF AMERICA

v.

RAJAB GOMEZ,
                                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:11-cr-00296-001)
District Judge:  Hon. Susan D. Wigenton

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2019

Before:  SMITH, <u>Chief</u> Judge, CHAGARES and BIBAS, <u>Circuit</u> <u>Judges</u>.

(Filed: May 9, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Rajab Gomez challenges the procedural and substantive reasonableness of his sentence for violating a condition of his supervised release, and the denial of his request for an adjournment of his revocation hearing. For the following reasons, we will affirm.

## I.

Because we write principally for the parties, we recite only those facts necessary to our decision.

In 2011, Gomez pleaded guilty to distribution of a substance containing cocaine base under 21 U.S.C. § 841(a), (b)(1)(B), and 18 U.S.C. § 2. He was sentenced in March 2014 to a term of twenty-four months of imprisonment and a four-year term of supervised release, the latter of which included as a condition that Gomez not commit a federal, state, or local crime during his period of supervision.

Five months into his supervised release, Gomez was arrested for physically assaulting and robbing a man in Pennsylvania. He pleaded guilty in state court to robbery, simple assault, and receiving stolen property, and he was sentenced to "a minimum period of two years to a maximum period of four years [of imprisonment] followed by a consecutive term of two years of probation." Appendix ("App.") 37. Gomez ultimately served a two-year term of imprisonment in a Pennsylvania state facility.

After his arrest for the state offense, the Government charged Gomez with eight violations of his supervised release, but pursued only the one relating to his commission

of the state crime.  During a revocation hearing, the District Court concluded that Gomez violated his supervised release, revoked his term of supervision, and immediately proceeded to sentencing.  At that hearing — and in a sealed letter submitted to the court ("January 2018 letter") upon which he relied during the hearing — Gomez argued that he should receive a lenient sentence because of his:  conduct while on pre-trial release for the underlying federal offense; security concerns during his incarceration and supervised release; and completion of a two-year term of imprisonment for the Pennsylvania offense. Ultimately, the court sentenced Gomez to thirty-six months of imprisonment, to be served consecutively to any previous state or federal term of imprisonment.  Gomez raised no objection to the sentence.

Also during the hearing, Gomez requested an adjournment to retrieve from his home certain letters regarding the aforementioned security concerns.  After hearing argument from the Government, and after Gomez's attorney admitted that the contents of the letters at issue were expressed in the January 2018 letter, the District Court denied the request, concluding that there was an insufficient basis for an adjournment.

Gomez now appeals, challenging his sentence as procedurally and substantively unreasonable, and the denial of his request for an adjournment as an abuse of discretion. Upon consideration of the briefs and the record, we are not persuaded by Gomez's arguments.

## II.[1]

### A.

We begin by determining whether Gomez's sentence was procedurally reasonable. Gomez argues that the District Court erroneously: failed to consider and adequately explain its rejection of his mitigation arguments; failed to consider and adequately explain its analysis of the 18 U.S.C. § 3553(a) factors; and required, without adequate explanation, his sentence to be served consecutively rather than concurrently.

As to the first alleged procedural error, Gomez contends that the District Court did not meaningfully consider and specifically articulate its rejection of his arguments that he deserved a lenient sentence because of his: (1) pre-trial release activities; (2) security concerns; (3) "additional 1-1/2 years in jail in Pennsylvania"; and (4) "troublesome upbringing" (an argument not raised before the court). Gomez Br. 15–16. Because he did not raise these objections before the sentencing court, we review the procedural reasonableness of Gomez's sentence for plain error.[2] United States v. Flores-Mejia, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). That is, we must ascertain whether "(1) there

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. §§ 3231 and 3583, and our jurisdiction is based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Gomez appears to argue that his failure to object before the sentencing court should be excused because an objection "would have been redundant to [his] clearly articulated arguments and the Section 3553(a) standards." Reply Br. 4 n.3. But it is clear that, within this Circuit, "when a party wishes to take an appeal based on a procedural error at sentencing—such as the court's failure to meaningfully consider that party's arguments or to explain one or more aspects of the sentence imposed—that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal." United States v. Flores-Mejia, 759 F.3d 253, 255 (3d Cir. 2014) (en banc).

was an error, (2) the error was 'clear or obvious,' and (3) the error 'affected the appellant's substantial rights.'" United States v. Stinson, 734 F.3d 180, 184 (3d Cir. 2013) (quoting Puckett v. United States, 556 U.S. 129, 135 (2009)). Should we conclude that Gomez has satisfied those three requirements, we may exercise our discretion to remedy the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (alteration in original) (quoting Puckett, 556 U.S. at 135).

A sentence is procedurally reasonable if the record "demonstrate[s] that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." United States v. Cooper, 437 F.3d 324, 332 (3d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007). Although the court "must adequately explain the chosen sentence to allow for meaningful appellate review," United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)), depending on the case, "a 'brief' statement of reasons can be 'legally sufficient,'" id. (quoting Rita, 551 U.S. at 358), or "a longer explanation may be appropriate," id. Crucially, a "[s]entence is imposed for [a] violation[] of supervised release primarily to sanction the defendant's breach of trust 'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" United States v. Bungar, 478 F.3d 540, 544 (3d Cir. 2007) (quoting United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006)).

As he recognizes, Gomez advanced his first three mitigation arguments in the January 2018 letter, and the court expressly stated that it considered that letter and that a

5

concern for Gomez's safety was not in dispute. Moreover, Gomez reiterated during the hearing his arguments concerning his incarceration for the Pennsylvania conviction and safety concerns on supervised release. Although it did not provide a lengthy explanation for its rejection of those arguments, "[t]he record makes clear that the sentencing judge listened to each argument . . . and rejected [them]." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (alteration in original) (citation omitted).

Next, Gomez claims that the court failed to consider the § 3553(a) factors. He particularly takes issue with an asserted failure by the court to consider and discuss "the history and characteristics of the defendant listed in 18 U.S.C. § 3553(a)(1)," which he argues "was the point of [his] mitigating arguments." Gomez Br. 18. We are not persuaded.

A sentencing court's obligation is to "give 'rational and meaningful consideration' to the relevant § 3553(a) factors." United States v. Young, 634 F.3d 233, 237 (3d Cir. 2011) (quoting United States v. Doe, 617 F.3d 766, 769 (3d Cir. 2010)). It need not "recite and make findings as to every one of the § 3553(a) factors, as long as the record makes clear that the factors have been considered in deciding the sentence." Merced, 603 F.3d at 222. As explained, we are satisfied that the court considered Gomez's pretrial conduct, security concerns, and Pennsylvania sentence, all of which he gathers under the umbrella of § 3553(a)(1). Further, having also sentenced Gomez on his underlying federal offense, the court was familiar with his "troublesome upbringing." Gomez Br. 16. It is also clear from the record that the court considered the nature, circumstances, and seriousness of Gomez's offense, 18 U.S.C. § 3553(a)(1), (2)(A); the need "to

6

promote respect for the law, and to provide just punishment," id. § 3553(a)(2)(A); and "the need to avoid unwarranted sentence disparities," id. § 3553(a)(6). Most importantly, a revocation sentence is imposed "primarily to sanction the defendant's breach of trust." Bungar, 478 F.3d at 544; see also Dees, 467 F.3d at 853 (upholding a revocation sentence of the statutory maximum term based on the defendant's "multiple and flagrant breaches of trust that began almost immediately upon his release from prison"). The court here clearly expressed its discontent with Gomez's breach, finding it "very troubling and disconcerting" that he "engaged in criminal behavior that involved robbery" and "the assault of another individual," particularly "given how recently [he] had just gotten on supervised release." App. 83–84.

Finally, Gomez challenges the imposition of a consecutive, rather than concurrent, revocation sentence, as well as the court's alleged failure to explain why the sentence was to be served consecutively. A Guidelines policy statement provides that a revocation sentence "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). Acknowledging this provision, Gomez contends that the District Court "should have articulated why it was following the policy statement when it was merely advisory." Gomez Br. 17. But the record adequately reveals the court's reasoning: before imposing sentence, it explained that Gomez "underst[oo]d what . . . [he] w[as] supposed to do while . . . on supervised release," relayed its "responsibility . . . to enforce those obligations," and expressed its belief that its sentence will "stress[] the importance of being compliant when you are on supervised release." App. 83. "[W]hen a judge decides simply to apply the [advisory]

7

Guidelines to a particular case, doing so will not necessarily require lengthy explanation."

Rita, 551 U.S. at 356. We consider this explanation sufficient and conclude that the

decision to impose a consecutive sentence does not constitute plain error.

In sum, we are not persuaded by Gomez's assertions of procedural

unreasonableness.

## B.

Gomez also claims to challenge his sentence as substantively unreasonable,

relying upon the same mitigation arguments underlying his claim of procedural error.

That is, Gomez repackages his procedural unreasonableness argument as one of

substantive unreasonableness. Because we see no procedural error in his sentence,

Gomez's substantive challenge also fails.[3] Cf. Young, 634 F.3d at 243 (rejecting a

---

[3] Our conclusion would be the same even if we read Gomez's briefs as raising an argument that his sentence was substantively unreasonable because of his mitigation arguments as opposed to the District Court's alleged failure to consider them. "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" Doe, 617 F.3d at 770 (quoting Tomko, 562 F.3d at 568). Our review in this regard is for an abuse of discretion, id. at 769, and is "highly deferential," id. at 774 (quoting Bungar, 478 F.3d at 543). The "heavy burden" of demonstrating the sentence's unreasonableness rests on Gomez. United States v. Clark, 726 F.3d 496, 500 (3d Cir. 2013). The record reflects that the court's sentence was mainly motivated by Gomez's violation of his supervised release, the timing of that violation (five months after the commencement of his supervision), and the nature of the offense that resulted in the violation (assault and robbery). Additionally, the thirty-six month sentence falls within the Guidelines range, see U.S.S.G. § 7B1.4(a) (providing a range of thirty-three to forty-one months of imprisonment for a defendant, like Gomez, with a criminal history category of VI who committed a Grade A violation), and so "is less likely to be unreasonable," United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007). At bottom, Gomez has not established that "no reasonable sentencing court would have imposed the same sentence." Doe, 617 F.3d at 770 (quoting Tomko, 562 F.3d at 568).

substantive challenge to the reasonableness of a sentence where the attack was "premised upon alleged procedural errors," which the panel had also rejected).

## C.

Finally, Gomez challenges the District Court's denial of his request — made at the beginning of the revocation hearing — for an adjournment to retrieve letters from his home relating to his safety concerns while imprisoned and while on supervised release. He argues that the denial of his request was an abuse of discretion because the court "offered no rationale concerning a busy court docket to explain the denial" and "the evidence that Defendant wished to obtain . . . bore on a significant issue for the hearing, particularly when the sole witness denied being alerted by Defendant to his security concerns during supervised release." Gomez Br. 20. We cannot agree.

"We review the trial court's refusal to grant a continuance for an abuse of discretion." United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007). Because a district court has "wide latitude in arranging [its] schedule," it may exercise discretion when disposing of a motion for an adjournment or continuance. Gov't of V.I. v. Charleswell, 115 F.3d 171, 174 (3d Cir. 1997). In doing so, the "court should consider: the efficient administration of criminal justice; the accused's rights, including an adequate opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance." United States v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991).

Gomez asked to adjourn the revocation hearing at the inception of the hearing itself to retrieve letters from his home, but did not explain why those letters were there

and not in the courtroom.  Defense counsel stated that the letters concerned issues that Gomez experienced during his incarceration and supervised release before confirming that their contents were also reflected in the January 2018 letter.

Despite the court's statement surmising that the letters might be relevant to sentencing, we see no abuse of discretion in the decision to deny the adjournment.  By stating that the letters' contents were expressed in the January 2018 letter, Gomez's attorney suggested that retrieval of the letters was not necessary.  See United States v. Khorozian, 333 F.3d 498, 507 (3d Cir. 2003) (finding no abuse of discretion in the denial of a continuance for a witness to appear for trial where "defense counsel essentially conceded that [the witness] would not be an essential witness").  Further, the District Court acknowledged the lack of a dispute regarding the security concerns addressed in the letters and expressly noted that it had considered the January 2018 letter when crafting Gomez's sentence.  We are also not persuaded by Gomez's argument that an adjournment was necessary because "the sole witness denied being alerted by Defendant to his security concerns during supervised release."  Gomez Br. 20.  The testimony to which Gomez refers was elicited after the District Court ruled on Gomez's request and, moreover, there is no indication that it affected the court's view of Gomez's argument or the sentence.  Consequently, we conclude that the court did not abuse its discretion.

III.

For the aforementioned reasons, we will affirm Gomez's sentence and the District Court's decision denying Gomez's request for an adjournment.

10